## Appeal of Joseph L. McDaniel et al.

---

## Delaplaine McDaniel's Estate.

Where a contract to do stipulated work is part of the consideration for the purchase of land, the right to pay in this manner is regarded as a privilege which is lost by failure to perform according to the terms of the contract, and in that event a liability arises to pay in money.

Upon a conveyance in consideration of a sum of money and a covenant by the grantee to erect a house on the land within a year and make certain improvements on the property of the grantor, and the nonperformance of the covenant followed more than a year afterward by the death of the grantee, the grantor is entitled to damages for the breach.

The measure of damages for the failure to make the improvements is the cost of having the work done by competent workmen, including cost of superintendence, with interest from the date of breach.

(Argued January 18, 1888. Decided February 6, 1888.)

July Term, 1887, No. 139, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County allowing a claim against a decedent's estate. Affirmed.

The facts as they appeared at the audit of the first account of the executors of Delaplaine McDaniel, deceased, before ASHMAN, J., are stated by PENROSE, J., in the following opinion, filed upon the entry of a decree sustaining exceptions to the adjudication:

Where the chief purpose of the contract has been accomplished and all that remains is its formal completion by the transfer of legal title or the performance of some merely collateral act, the time of such transfer or performance is, in the absence of express stipulation in the contract itself or of subsequent demand for strict compliance, usually regarded as immaterial, or, as it is generally expressed, not of the essence,—that.

is, not the essential part of the contract. Contracts with regard to the purchases of land are said to be "the chief, if not the only, class of cases to which the doctrine has been habitually applied" (Pollock, Contr. 463); but a sale of specific, ascertained chattels, where the ownership and right of possession in the thing sold have been transferred by the bargain to the purchaser, falls so far within it that the vendor will not be permitted to repudiate the sale and revest the right of property in himself simply on the ground of the nonpayment of the purchase money at the time appointed. Addison, Contr. 233.

In mercantile contracts, or contracts for the performance of a particular thing or for the commencement and completion of work, at or within a specified time, in case of failure to so perform the other party may release himself from the contract and sue at once for damages. Addison, Contr. 875; Pollock, Contr. 464.

If, for example, as was said in Miller v. Phillips, 31 Pa. 222, "one stipulate for the commencement of any particular work under a contract at a specified time, or agree to finish work by a certain day, and neither commences by the time nor does anything towards finishing his contract by the day, the party for whom the work was to be done may choose to rescind and put an end to the contract, being in no default himself. He is not bound to await the tardy movements of an indolent or regardless contractor, who, if permitted to go on, might again and again disappoint the expectations of his employer."

Of course, where the contract is substantially performed, a party accepting its benefits cannot defend against the payment of compensation on the ground that the completion was not within the time originally agreed upon; the acceptance implies a waiver of strict performance, and the time appointed by the contract may be altered by subsequent agreement, manifested either by the acts or express words of the parties.

In the present case, the decedent, in consideration of the conveyance to him of certain real estate for $7,000, covenanted to erect a house upon the property so bought within a year from the date of the contract, and to make certain alterations and improvements with regard to the property of the vendor, in the way of extending the front steps, erecting an iron railing, repaving the street with patent pavement, etc. The date of this contract was July 7, 1882. The decedent died in January, 1885, without

having erected or commencing to erect the house and without having done any part of the work agreed to be done for the benefit of the property of his vendor.   The executors, having knowledge that damages were claimed by the vendor for the decedent's breach of contract, filed their account in March, 1886, and when it was called for audit in April, counsel appeared on behalf of the vendor for the purpose of establishing his claim.   This appearance was noted by the auditing judge, though the proceedings were pending and the adjudication was not filed until the following July.   In the meanwhile, *viz.*, May 21, the executors through their counsel gave notice in writing to counsel for the claimant, Mr. Dick, that they were prepared "to carry out in full agreement  .   .   .   in relation to Mr. Dick's property." This offer, which did not include the erection of the house upon the decedent's property, was declined on the ground that it came too late,—the cause of action on the part of the claimant being already complete, and the claim for damages was pressed before the auditing judge.   The claim was disallowed:  First, because certain letters offered in evidence by the claimant showed, it was said, that the parties to the contract did not regard the time of the performance as material, or that strict compliance in this respect had been waived; and second, because the work stipulated for not being of a character which required personal skill for its execution, and for that reason being capable of being done by the executors, the refusal of the claimant to accept their offer to perform discharged the obligation of the decedent and his estate.

It may be conceded that contracts such as this may be performed by executors where there has been as yet no breach; but it is not easy to see how this can be after breach and without assent of the other party.

The rights of executors in this respect cannot rise higher than the rights of their testator.   If it be admitted that time was not of the essence of the contract or that it was extended by subsequent agreement, the utmost that could be contended for would be that the party who was to act had his whole lifetime for performance.   His death in that case would be the time at which the liability of his estate would be determined, and a subsequent offer to perform by his executors, not accepted by the party entitled to damages, could not affect the right of action, even if the offer was made promptly after learning of the claim.   Here, though the executors knew of the claim immediately after the

decedent's death, the offer, such as it was, was not made until sixteen months later nor until the claim had been presented in the orphans' court. This presentation must be regarded as the equivalent of a suit in the common-law courts; and after suit brought even actual performance affords no ground of defense to the action. Lawton v. Fitchburg R. Co. 8 Cush. 232, 54 Am. Dec. 753; Pickering v. Greenwood, 114 Mass. 479.

But there was something more than the mere tardiness of the offer. The contract of the decedent was that the erection of his house should precede the work to be done for the claimant, the reason being thus stated in one of the letters of the decedent: "It was only intended to be done after the house is up, and it cannot properly be done until then. Were a vulcanite pavement to be laid in the street, it would be all damaged by unloading stone and other material upon it." The offer made by the executors did not include the erection of the house. How far the mere failure to erect a house upon the decedent's own land was in itself, by reason of loss of enhancement of values, capable of estimation as an element of damage, need not be considered; but it is evident that an offer to do work which would be injured by the subsequent erection of the house was one which the claimant was not bound to accept even if it had been in time.

It only remains to consider at what time the cause of action on the part of the claimant became complete.

The contract of the decedent to do the stipulated work was part of the consideration for his purchase of the land. In such cases, it is well established the right to pay in this manner is regarded as a privilege which is lost by failure to perform according to the terms of the contract, and in that event a liability arises to pay in money. Brown v. Foster, 51 Pa. 169; Church v. Feterow, 2 Penr. & W. 301; Fleming v. Potter, 7 Watts, 380.

The contract here was that the house should be erected within a year and that the improvements of the property of the claimant should be made, at least, in a reasonable time thereafter. No steps having been taken towards the erection of the house at the end of the year, it was evidently out of the power of the decedent to perform his contract; and the right of the claimant to rescind and claim damages became complete (Miller v. Phillips, 31 Pa. 222), unless, by his agreement or acts, he had waived strict compliance or in some manner estopped himself. The letters already referred to are relied upon as furnishing evidence

of such waiver or estoppel. There were three of these letters dated respectively September 19, and October 27, 1884, and January 5, 1885. The last was written to the claimant himself, within a few days of the decedent's death; the other two to counsel for claimant. That these letters were written to counsel is in itself an indication that there had been a prior breach of the contract; while the fact that the claimant was then asking for damages, which could only be on the ground of such breach, is spoken of in express terms. The first letter was written more than a year after the time at which, under the contract, the house was to have been erected. It admits that nothing had been done, and offers as a reason, not that the claimant had in any way waived his rights, but that his own state of health had prevented performance by the decedent. That this will not excuse failure to perform, however much it might induce forbearance, is well settled. Pollock, Contr. 360; Miller v. Phillips, 31 Pa. 222.

The claim for damages was thus referred to in this letter: "I can see no necessity for a lawsuit, as, if Mr. Dick simply wants damages, I think the damages can be arrived at by three good, disinterested men, in a much quicker and less expensive way." The letter of October contains a refusal to do the work until the following spring, and makes the statement already quoted with reference to the necessity of finishing the house before beginning the other improvements, while the last one simply contains an offer to pay a designated sum, based upon estimates of the cost of the work, in settlement of the claim.

In the absence of additional evidence, and there was none, these letters seem insufficient to justify the finding that the claimant "called repeatedly upon the decedent to perform the work after the year within which it was to have been done," at least in any sense which implies that the failure to perform at the stipulated time was induced by any act of the claimant or that the latter waived or was supposed by the decedent to have waived, any of his rights according to the letter of the contract.

The negotiation began after the contract had been broken, and the failure to reach an amicable settlement, like an unaccepted offer to compromise, leaves the case precisely as it was before the effort was made.

The measure of damages for the breach of this contract is the

·cost of having the work done by competent workmen. This, as the adjudication shows, would be $1,366.06.

Interest from the date of breach follows as a necessary inci-·dent. Delaware, L. & W. R. Co. v. Burson, 61 Pa. 369; West Republic Min. Co. v. Jones, 108 Pa. 55.

The exceptions are sustained and the adjudication corrected ·by awarding to the claimant, Walter B. Dick, out of the balance in the hands of the accountants, $1,366.06 for damages sus-·tained by him by reason of the decedent's breach of contract, ·with interest from July 7, 1883.

The assignments of error specified the action of the court be-·low: (1) In entering the decree sustaining the exceptions of Walter B. Dick to the adjudication filed and awarding to Dick ·the sum of $1,366.06, with interest from July 7, 1883; (2) in ·awarding to Dick the sum of $124.18 (included in the above ·sum of $1,366.06) being 10 per cent on the cost price ($1,241.-·88) for doing certain work; the said sum of 10 per cent being ·awarded to reimburse Dick for charges of a superintendent, ·whereas the decree of the court does not impose on Dick the duty ·of doing the work; and (3) in awarding interest to Dick on the ·said sum of $1,366.06.

*Charles Hart* for appellants.

*John C. Bell* and *John M. Thomas,* for appellee.—If the sale ·is of things of quantity generally, and no right of property in ·the things agreed to be sold passes by the bargain from the ven-·dor to the purchaser, time will be of the essence of the contract ·so long as the contract remains executory, and the purchaser ·will not be bound to accept and pay for the goods if they are not ·tendered on the day specified. Addison, Contr. *233; Jones v. United States, 96 U. S. 24, 24 L. ed. 644; Gath v. Lees, 3 Hurlst. & C. 558.

Time has been held to be of the essence of the contract in cases ·similar to this. See Roberts v. Beatty, 2 Penr. & W. 63, 21 Am. Dec. 410, and Church v. Feterow, 2 Penr. & W. 301; Flem-·ing v. Potter, 7 Watts, 380; Miller v. Phillips, 31 Pa. 218; Lawton v. Fitchburg R. Co. 8 Cush. 232, 54 Am. Dec. 753; Pickering v. Greenwood, 114 Mass. 479.

As to the two offers of payment or performance, the offer of ·May 21, 1886, is no ground of defense to the appellee's action

because even if there had been any possible time at which it could have been made with effect, it was powerless to deprive the appellee of his right, made at the time it was, that is, not until sixteen months after decedent's death, and not until the claim had been presented in the orphans' court.

As suits are not brought upon claims in the orphans' court, the presentation of the demand to the executor or administrator may be regarded as its equivalent so far as regards the status of the claim. York's Appeal, 110 Pa. 69, 1 Atl. 162, 2 Atl. 65.

But it is not the commencement of the suit which prohibits the subsequent fulfilment of the contract, but the previous breach in McDaniel's lifetime, and the consequent right of action that thereby accrued to the plaintiff. This breach occurred on July 7, 1883. If the day of payment or delivery is allowed to pass without any valid tender of the money or the goods, and a cause of action arises to the plaintiff, it is no answer to show that at a day subsequent the defendant was ready to pay the money or deliver the goods, for the plaintiff is not bound to waive the breach of contract and forego his action. Addison, Contr. p. 1133; Hume v. Peploe, 8 East, 168; Poole v. Tumbridge, 2 Mees. & W. 223; 3 Sharswood's Bl. Com. 304, 305, notes.

The only effect of a tender after breach, but before suit brought, is to relieve the defendant of the costs of suit, provided he pleads the tender and also pays the money into court. Cornell v. Green, 10 Serg. & R. 14; Sheredine v. Gaul, 2 Dall. 190, 1 L. ed. 344; Harvey v. Hackley, 6 Watts, 264; Wheeler v. Woodward, 66 Pa. 158.

Interest is chargeable as a matter of course, just as if a sum had been agreed to be paid upon the day of breach in the first instance. Minard v. Beans, 64 Pa. 412; West Republic Min. Co. v. Jones, 108 Pa. 68.

It is no reason for withholding the interest that the amount of the damages was unknown or unascertained. Delaware, L. & W. R. Co. v. Burson, 61 Pa. 381; Philadelphia, W. & B. R. Co. v. Gesner, 20 Pa. 240; West Republic Min. Co. v. Jones, 108 Pa. 69; Gray v. Van Amringe, 2 Watts & S. 128; Vaughan v. Howe, 20 Wis. 498; Gammon v. Abrams, 53 Wis. 323, 10 N. W. 479.

Where a debtor is in default for not paying money, delivering property, or rendering services in pursuance of his contract, he is chargeable with interest from the time of default on

the specified amount of moneys or the value of the property or service at the time they should have been paid or rendered. Van Rensselear v. Jewett, 2 N. Y. 135, 51 Am. Dec. 275, 5 Denio, 142; Livingston v. Miller, 11 N. Y. 80; Dana v. Fiedler, 12 N. Y. 50, 62 Am. Dec. 130; Adams v. Ft. Plain Bank, 36 N. Y. 255.

PER CURIAM:
We think the opinion of the court below is a sufficient warrant for the decree which it made.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.